UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL DALE PARSONS,<br><br>                Petitioner,<br><br>v.<br><br>WARDEN R. BLADES,<br><br>                Respondent. | Case No. 1:15-cv-00531-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Daniel Dale Parsons's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 6 and 7 are procedurally defaulted. (Dkt. 15.) Also pending are several other motions, including Petitioner's motions for discovery, for expansion of the record, and for an evidentiary hearing. (*See* Dkt. 22, 23, 24, 25, 27, & 30.)

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 13.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters

**MEMORANDUM DECISION AND ORDER - 1**

the following Order denying, without prejudice, Respondent's Motion for Partial Summary Dismissal.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Parsons v. State*, Docket No. 42308, Op. 577 (Idaho Ct. App. Aug. 5, 2015) (unpublished), which is contained in the record at State's Lodging D-5. The facts will not be repeated here except as necessary to explain the Court's decision.

In a jury trial in the Fourth Judicial District in Ada County, Idaho, Petitioner was convicted of one count of aiding and abetting robbery and one count of eluding a police officer, as well as a persistent violator sentencing enhancement. (State's Lodging B-4 at 1-3.) Petitioner was sentenced to two consecutive terms of life imprisonment without the possibility of parole. (*Id.* at 3.) The Idaho Court of Appeals affirmed on appeal, concluding that, although the trial court erred in giving an instruction as to the persistent violator enhancement, that error was harmless. (State's Lodging B-4.)

Petitioner then filed a petition for state post-conviction relief, alleging (1) numerous claims of ineffective assistance of trial and direct appeal counsel, (2) judicial bias and denial of the right to substitute counsel, (3) prosecutorial misconduct, (4) actual innocence, and (5) several trial errors, "including jury instructions, evidentiary rulings, use of prior convictions, [and] violation of speedy trial rights." (State's Lodging C-1 at 510-11; *see also id.* at 5-272.) The trial court dismissed the petition.

On appeal, Petitioner raised claims of ineffective assistance of trial and appellate counsel, a claim of judicial bias, and several claims of trial error—including prosecutorial misconduct and Confrontation Clause claims. (State's Lodging D-1, D-4.) The Idaho Court of Appeals affirmed, concluding that the claims of trial error were barred by Idaho Code § 19-4091(b) because they could have been, but were not, raised on direct appeal. (State's Lodging D-5 at 14.) The appellate court affirmed the dismissal of Petitioner's remaining claims on the merits. The court of appeals denied Petitioner's request for rehearing, and the Idaho Supreme Court denied review. (State's Lodging D-7, D-9.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

> Claim 1: Ineffective assistance of trial counsel based on counsel's failure to interview and subpoena Felicia Parsons.
>
> Claim 2: Ineffective assistance of trial counsel based on counsel's failure to investigate a necessity defense, which Petitioner asserts was "the only possible defense."
>
> Claim 3: Ineffective assistance of trial counsel based on counsel's failure to object to a jury instruction.
>
> Claim 4: Ineffective assistance of trial counsel based on counsel's failure to object to the admission of Felicia Parsons' confessions.
>
> Claim 5(a): Ineffective assistance of trial counsel based on counsel's allegedly deficient trial preparation.
>
> Claim 5(b): Violation of due process based on a constructive denial of counsel during a critical stage of the proceedings.

Claim 6: Violation of due process and the Confrontation Clause based on the hearsay testimony of police officers, who testified as to statements made by Felicia Parsons.[1]

Claim 7: Prosecutorial misconduct.

Claim 8: Ineffective assistance of direct appeal counsel based on counsel's failure to raise certain issues on appeal.

(Dkt. 3 & 4.)[2]

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 8 at 3.)

## PETITIONER'S PENDING MOTIONS

The Court will first address Petitioner's requests for discovery, to expand the record, and for an evidentiary hearing.

**1. Motions for Discovery**

Petitioner seeks to conduct discovery by using interrogatories, requests for production, and requests for admissions. (Dkt. 22 through 25.)

Habeas petitioners, unlike traditional civil litigants, are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Generally, the merits of the claims in a federal habeas corpus petition are decided on the record that was before

---

[1] In Claim 6, Petitioner also asserts ineffective assistance of trial counsel based on counsel's failure to object to the admission of the hearsay statements made by Felicia Parsons. Because this allegation is also set forth in Claim 4, the Court will treat Claim 6 as asserting only a Confrontation Clause violation.

[2] The Court previously construed Petitioner's claims in this manner, and Petitioner has not objected to this construction.

**MEMORANDUM DECISION AND ORDER - 4**

the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011); 28 U.S.C. §225(e)(2). The state court record may be supplemented by new factual development in federal court only in very limited circumstances, such as: (1) when a state court did not decide a claim on the merits, and the claim is properly before the federal court; (2) when the state court factual determination was unreasonable; (3) when a petitioner wishes to show cause and prejudice in a procedural default setting; or (4) when a petitioner is trying to show actual innocence to overcome a procedural default or statute of limitations issue.

If a petitioner seeks to bring new evidence on federal habeas review that has not been presented to the state courts, *and* he failed to develop the factual basis of the claims in state court because of "lack of diligence or some greater fault, attributable to" him or his counsel, then he must meet the requirements of § 2254(e)(2).[3] *Williams v. Taylor*, 529 U.S. 420, 432 (2000). If the petitioner is not at fault for failing to present the evidence to the state courts, he can present the evidence on federal habeas corpus review without meeting the requirements of § 2254(e)(2). *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004).

However, § 2254(e)(2) is not applicable to gateway procedural issues, such as showing cause and prejudice or actual innocence to overcome a procedural default issue. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002); *Boyko v. Parke*, 259 F.3d 781, 790

---

[3] Section 2254(e)(2) requires that a petitioner show that his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, *and* that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *See* § 2254(e)(2)(A) & (B).

**MEMORANDUM DECISION AND ORDER - 5**

(7th Cir. 2001). But a petitioner still needs to show good cause to be entitled to discovery on such issues. *See* Rule 6(a) of the Rules Governing Section 2254 Cases.

Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and alteration omitted). To show good cause, a request for discovery must be supported by specific factual allegations. Habeas corpus review "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (internal quotation marks omitted). If good cause is shown, the extent and scope of discovery is within the court's discretion. *See* Habeas Rule 6(a).

Petitioner has not established good cause why the Court should allow discovery in this case. Therefore, Petitioner's requests for discovery will be denied.

**2.     Motion to Expand the Record**

Petitioner requests that the Court expand the record with the documents that he previously submitted to the Court as exhibits to his Petition[4] (*see* Exhibits A through CCC to Dkt. 3). Rule 7 of the Rules Governing Section 2254 Cases gives a federal court the authority to expand the existing state court record with "materials relating to the petition." One of the purposes of Rule 7 is to permit the court to dispose of habeas petitions without the time and expense of conducting an evidentiary hearing. *See* Advisory Committee Note, Habeas Rule 7.

---

[4]     In his motion to expand the record, Petitioner also repeats his request for discovery. (Dkt. 27 at 3.) This portion of the motion will be denied for the reasons set forth above.

**MEMORANDUM DECISION AND ORDER - 6**

However, the limitations of *Cullen v. Pinholster* apply to requests to expand the record. If Petitioner is asking the Court to take judicial notice of items outside the Idaho Supreme Court record, then the Court may do so only for the four limited purposes set forth above.

Petitioner's Motion to Expand the Record will be granted in part. It will be granted to the extent that the Exhibits to the Petition will be retained on the Court's docket, and the Court has considered the Exhibits in its analysis of Respondent's Motion for Summary Dismissal. The Court has not yet determined whether the Exhibits may be considered for other purposes, such as consideration of the merits of Petitioner's claims, at a later date.

3.  **Motion for Evidentiary Hearing**

Petitioner also seeks an evidentiary hearing. (Dkt. 30.) With respect to claims adjudicated on the merits, a federal court may not hold an evidentiary hearing on any such claim—unless the state court's decision was based on an unreasonable determination of the facts—because "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 180; *see Murray v. Schriro*, 745 F.3d 984, 999-1000 (9th Cir. 2014).

In addition, a federal court may not hold an evidentiary hearing, even on a claim *not* adjudicated on the merits in state court, unless the petitioner satisfies a two-prong test. First, the petitioner must establish that the claim relies either on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or on "a factual predicate that could not have been

**MEMORANDUM DECISION AND ORDER - 7**

previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Second, the petitioner must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

At this point, Petitioner has not established that the factual findings of the state court were unreasonable. Nor has he produced clear and convincing evidence that, without the alleged constitutional errors, no reasonable juror would have found him guilty. Therefore, the Court will deny Petitioner's request for an evidentiary hearing. If the Court later determines that a hearing is warranted and permissible under *Pinholster* and § 2254(e)(2), it will issue an appropriate order.

## RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

1.  **Standard of Law Governing Procedural Default**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state

**MEMORANDUM DECISION AND ORDER - 8**

courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully

and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard . . . is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68,

75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

### 2. Claims 6 and 7 Are Procedurally Defaulted

Petitioner presented Claims 6 and 7 on appeal from the dismissal of his state post-conviction petition. However, the Idaho Court of Appeals declined to rule on the claims, concluding that they should have been raised on direct appeal. (State's Lodging D-5 at 14.) In doing so, the court relied on Idaho Code § 19-4901(b), which provides that "[a]ny issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings." The only exception to this procedural bar is where "the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." *Id.*

Petitioner has failed to meet his burden of showing that Idaho Code § 19-4901(b) was not "clear, consistently applied, and well-established" at the time of Petitioner's default. *Martinez v. Klauser*, 266 F.3d at 1093 (internal quotation marks omitted). Nor has Petitioner established that this procedural rule is dependent on federal law. Therefore, Claims 6 and 7 are procedurally defaulted because the state court relied on an adequate and independent state procedural ground in declining to consider the claims.

**MEMORANDUM DECISION AND ORDER - 11**

### 3. The Court Cannot Yet Determine Whether Cause and Prejudice Excuse the Default of Claims 6 and 7

That Claims 6 and 7 are procedurally defaulted does not end the inquiry. A federal court can still hear the merits of a defaulted claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner contends that his counsel provided ineffective assistance in failing to raise Claims 6 and 7 in the state courts. If true, counsel's actions would constitute cause to excuse the default, so long as Petitioner also properly presented the separate ineffectiveness claims in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (stating that "in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to constitute cause, but that

the ineffectiveness claim must itself be presented to the state court "before it may be used to establish cause for a procedural default") (internal quotation marks omitted).

Petitioner properly exhausted his arguments that his counsel was ineffective in failing to present Claims 6 and 7. (*See* State's Lodging D-1 at pp. 6(r), (u), (x), (y).) The resolution of whether counsel rendered ineffective assistance sufficient to excuse the default, however, requires consideration of the merits of Petitioner's ineffective assistance claims themselves, and those claims have not been briefed.

Where the question of procedural default presents a complicated question of law, a court has several options. Here, the merits of Claims 6 and 7 may be resolved in consideration of the related ineffective assistance of counsel claims, because whether the underlying claims have merit is an essential part of that analysis. For example, the Court could conclude that counsel did not perform deficiently and no prejudice resulted if the underlying claims have no merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Similarly, if, in the course of determining the ineffective assistance claims, the Court determines that the defaulted claims have merit, but counsel did not perform deficiently (for example, because of a strategic decision), then the Court necessarily would reject the procedurally defaulted claims for failing to meet the requirements of *Edwards v. Carpenter* to excuse the default. Or, if an unrelated claim in the Petition warrants habeas corpus relief, then the Court would not need to address either Claim 6 or

**MEMORANDUM DECISION AND ORDER - 13**

7 or the related ineffective assistance of counsel claims. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (holding that federal courts are not required to address a procedural default issue before deciding other potentially dispositive issues surrounding the merits of a habeas case).

Therefore, the Court will deny, without prejudice, Respondent's Motion for Partial Summary Dismissal. If Petitioner's claims are not denied on the merits, then the Court will reconsider Respondent's procedural default argument.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Answer or Pre-Answer Motion (Dkt. 14) is GRANTED.

2. Petitioner's Motion for Extension of Time to File Reply to Respondent's Motion for Partial Summary Dismissal (Dkt. 17) is GRANTED.

3. Petitioner's Request for Discovery by Leave of Court (Dkt. 22) is DENIED.

4. Petitioner's Request for Interrogatories (Dkt. 23) is DENIED.

5. Petitioner's Request for Producing Documents, Electronically Stored Information, and Tangible Things (Dkt. 24) is DENIED.

6. Petitioner's Request for Admission (Dkt. 25) is DENIED.

7. Petitioner's Motion to Expand the Record (Dkt. 27) is GRANTED IN PART to the extent set forth above.

8. Petitioner's Request for an Evidentiary Hearing (Dkt. 30) is DENIED.

9. Respondent's Motion for Partial Summary Dismissal (Dkt. 15) is DENIED without prejudice.

10. Petitioner's Motion to Answer Respondent's Motion for Summary Dismissal (Dkt. 20), which asks the Court to "withhold judgment on the state's Motion for Partial Summary Dismissal," is MOOT.

11. Respondent shall file an answer on the merits of all claims in the Petition within 90 days of the date of this Order. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's merits briefing, which shall be filed and served within 30 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of Petitioner's reply.[5]

DATED: January 19, 2017

Edward J. Lodge
United States District Judge

---

[5] If excused from default, Claims 6 and 7 would not be subject to 28 U.S.C. § 2254(d) because they were not adjudicated on the merits in state court. Thus, briefing on those claims should include argument under a de novo standard.

**MEMORANDUM DECISION AND ORDER - 15**